# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ORR WATER DITCH CO., *et al.*,<br><br>   Defendants.<br><br>Re: Nevada State Engineer Ruling #5938 | Case No. 3:73-cv-00003-LDG<br>Sub-File No. 3:73-cv-00025-LDG<br><br>**ORDER** |

On July 27, 1992, DiLoreto Construction and Development, Inc., filed Application No. 57900 to change the point of diversion, manner of use and place of use of Orr Ditch Decree water right Claim No. 331.  TCID filed a formal protest to the application on July 27, 1992.  In the formal protest, TCID requested that the application be issued subject to certain conditions.  On February 10, 2009, the State Engineer approved Application 57900 in Ruling #5938.  TCID timely filed the present petition for judicial review.  The State Engineer, and the Truckee Meadows Water Authority (TMWA) and DiLoreto Construction & Development, Inc., the real parties in interest, have filed briefs in opposition, asking that the Court affirm Ruling #5938.

In ruling upon Application 57900 in 2009, the State Engineer declined to exercise his discretion to hold an evidentiary hearing specific to the application, instead relying upon a hearing held in November 1989.  The State Engineer found that Application 57900, and the grounds of protest, were similar to the applications underlying the 1989 hearing, that he had an understanding of the issues involved, and that he had already taken evidence relevant to the merits at the 1989 hearing.

Among the issues raised by TCID in its petition is whether the State Engineer's ruling is clearly erroneous as it failed to consider changed conditions between the present and the 1989 hearing.

When Application 57900 was filed, NRS 533.370(2) (1989) provided:

> The state engineer shall either approve or reject each application within 1 year after the final date for filing protest. However:
>
> (a) Action can be postponed by the state engineer upon written authorization to do so by the applicant or, in case of a protested application, by both the protestant and the applicant; and
>
> (b) In areas where studies of water supplies are being made or where court actions are pending, the state engineer may withhold action.

Subsequent to the filing of the present petition, the Nevada Supreme Court held, in *Great Basin Water Network v. State Eng'r* 234 P.3d 912 (2010) (*Great Basin II*), "that, in circumstances in which a protestant filed a timely protest pursuant to NRS 533.365 and/or appealed the State Engineer's untimely ruling, the proper and most equitable remedy is that the State Engineer must re-notice the applications and reopen the protest period."  The parties submitted supplemental briefing addressing the impact of *Great Basin II* on TCID's present petition and Ruling #5938.

Neither the State Engineer nor the real parties in interest dispute that, pursuant to §533.370(2) (1989), State Engineer's Ruling #5938 was untimely.  The ruling approved the

2

application more than one year after the final date for filing protests, and none of the listed exceptions permitted the State Engineer to make a ruling beyond the one-year period.

As recognized in *Great Basin II*, the requirement in §533.370(2) that the State Engineer rule on a change application within one year was mandatory. *Id.,* 234 P.3d at 916. Thus, as was found in *Great Basin II*, "the State Engineer violated his duty by failing to act on the application[] within one year of the closing of the protest period. . . ." *Id.*, at 919. The Nevada Supreme Court went on in *Great Basin II* to confirm that reviewing courts in water law cases have the power to grant equitable relief. *Id.,* at 919-20. Accordingly, the remaining issue before this Court is to determine the proper equitable remedy.

In determining what equitable relief is appropriate in the circumstances of this case, the Court will take into consideration the totality of the circumstances. The State Engineer argues that "the inability to have protested the applications because of the delay in acting on the applications was a key factor in the *Great Basin Water Network* decision." The Court agrees, but would further note that the argument favors TCID's argument that the Court apply the same equitable remedy as utilized in *Great Basin II*. Fundamental to TCID's present petition to this Court is that the State Engineer's ruling did not take into account changed conditions between the time of the filing of the applications and the approval 17 years later of those applications. A cursory review of TCID's protest indicates that the grounds of relief it asserted in 1992 do not fully encompass the grounds of relief that TCID would have asserted in the year prior to the State Engineer's ruling in 2009. The inability of TCID to protest Application 57900 on grounds it deemed relevant in 2009 requires that TCID be provided an opportunity to amend its protest in response to the significant violation of §533.370(2). The appropriate method to permit TCID to amend its protest is, as in *Great Basin II*, to require that the State Engineer re-notice the Application 57900 and reopen the protest period.

Accordingly, for good cause shown,

1 THE COURT **GRANTS** the petition (#1) of Truckee Carson Irrigation District;

2 THE COURT **ORDERS** that Nevada State Engineer's Ruling #5398 is VACATED;

3 THE COURT FURTHER **ORDERS** that this matter is **REMANDED** to the Nevada State Engineer with instruction that the State Engineer re-notice each of the applications and reopen the protest period.

DATED this 18 day of May, 2012.

_____
Lloyd D. George
United States District Judge